**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **DERRICK DUKES** | **CIVIL ACTION NO. 18-0433** |
| | **SECTION P** |
| **VS.** | **JUDGE ELIZABETH E. FOOTE** |
| **SHERIFFS OFFICE WEBSTER PARISH, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff Derrick Dukes is incarcerated at Bayou Dorcheat Detention Center and is proceeding pro se and in forma pauperis. He filed the instant Complaint on March 29, 2018, under 42 U.S.C. § 1983. He names "Sheriffs Office Webster Parish," Warden John Lewis, and Jerry Ray as Defendants.[1] For the following reasons, it is recommended that Plaintiff's claims against "Sheriffs Office Webster Parish" be **DISMISSED WITH PREJUDICE**.[2]

## Background

Plaintiff alleges that, on February 27, 2018, Defendants fired him from his position at the "auto shop" in the Webster Parish Jail because he is a Muslim and a part of Islam. He claims that, two days before his termination, Defendant Ray stated that he did not want Plaintiff at the auto shop because Plaintiff was a Muslim. In addition to losing his job, Defendants placed him in "the hole" twenty-four hours per day for fifty-eight days in March and April of 2018. Plaintiff

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

[2] Plaintiff sets forth additional claims in his Complaint that are not subject to the instant Report and Recommendation. The undersigned directed the Clerk of Court, in a separate Memorandum Order, to serve Plaintiff with summons forms for the additional claims.

spent eight of those days in freezing temperatures with only a steel bed, no clothes, no recreation, cold food, and no lighting.

Plaintiff amended his Complaint on May 18, 2018. He first clarified that Warden Lewis gave direct orders to confine him under the conditions set forth above. He also alleges that the conditions he endured caused back pain, hypothermia, constipation, sleep deprivation, hallucinations, and "prayer disruption."

Plaintiff withdrew his purported retaliation claim, but he nevertheless alleges that Defendant Ray fired him out of "discrimination against [Plaintiff's] religion . . . ."

Plaintiff seeks $20,000.00 in compensatory damages for the discrimination he experienced and an unstated amount of compensatory damages for the conditions of confinement he endured.

**Law and Analysis**

**1. Preliminary Screening**

Plaintiff is an inmate who has been permitted to proceed in forma pauperis. As an inmate seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116,

1120 (5th Cir. 1986).

**2. Entity Not Amenable to Suit**

Plaintiff names "Sheriffs Office Webster Parish" as a Defendant. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership." LA. CIV. CODE art. 24.

Here, "Sheriffs Office Webster Parish" does not qualify as a juridical person. See *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . ."). Accordingly, Plaintiff's claims against this entity should be dismissed.

**Recommendation**

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Derrick Dukes' claims against "Sheriffs Office Webster Parish" be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims upon which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See Douglass v. United Services Automobile Association*****, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 4th day of June, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE